1   DONNA R. ZIEGLER [142415]
    County Counsel
2   SCOTT J. FEUDALE [242671]
    Deputy County Counsel
3   Office of the County Counsel, County of Alameda
    1221 Oak Street, Suite 450
4   Oakland, California 94612
    Telephone:    (510) 272-6700
5   Attorney for Defendant County of Alameda

6   JOSEPH GRUCHAWKA [303548]
    The Law Office of Joseph Gruchawka
7   725 College Avenue
    Santa Rosa, CA 95404
8   Telephone: (707) 843-7085
    Email:   joseph@lawofficeofjg.com
9   Attorney for Plaintiff Aram Bronston

10

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16  ARAM BRONSTON,                          Case No.: 3:21-cv-03776-AGT
                        Plaintiff,
17                                           **ORDER GRANTING JOINT
         v.                                  MOTION TO APPROVE
18                                           SETTLEMENT AGREEMENT AND
    COUNTY OF ALAMEDA,                       PERMIT ENTRY OF STIPULATED
19                      Defendant.           DISMISSAL**

20

21

22

23

24              I.      INTRODUCTION

25      Before the Court is the parties' joint motion for Court approval of their settlement agreement

26  and for the entry of a stipulated dismissal.  After reviewing the parties' motion and the substance

27  of the settlement agreement, the Court finds, for the reasons set forth below, that the agreement

28

is a fair and reasonable comprise of a bona fide dispute over whether Plaintiff Aram Bronston ("Plaintiff") was entitled to overtime under the Fair Labor Standards Act ("FLSA") during his years of employment with Defendant County of Alameda ("Defendant").

## II.     BACKGROUND

Between November 19, 2018, and August 21, 2020, Plaintiff, worked for Defendant's Emergency Medical Services Agency ("EMS") as an Emergency Medical Services Coordinator ("EMS Coordinator").  As an EMS Coordinator, Plaintiff was assigned to serve as the Regional Disaster Medical Health Specialist ("RDMHS") for Region II, which is comprised of sixteen counties in Northern California, including the County of Alameda.

The RDMHS is unique County position that is partially funded under a contract between the State's Emergency Medical Services Authority and EMS.  In his role as RDMHS, Plaintiff was tasked with coordinating regional medical and health responses in the event of an epidemic, natural disaster, power shutoff, or other situation requiring the coordination of medical and health needs.

Plaintiff contends that Defendant misclassified his position as exempt from section 207 of the FLSA. Section 207 requires employers engaged in interstate commerce to pay its employees one-and-a-half times their regular rate of compensation for any time worked in excess of a forty-hour workweek.  *See* 29 U.S.C. § 207(a).  Plaintiff contends that during his employment with Defendant he worked approximately 1,400 hours of overtime.

Defendant contends that Plaintiff's position fell within the FLSA's administrative and highly compensated employee exemptions to its overtime requirement because: (1) Plaintiff met the weekly and annual salary requirements for each exemption; (2) performed non-manual work directly related to the County and the State's general business operations; and (3) exercised discretion and independent judgment as to matters of significance.  *See* 29 C.F.R. §§ 541.200(a) & 541.601(a)(1).

Plaintiff disputes that his job duties directly related to the County's general business operations and required him to exercise discretion and independent judgment with respect to matters of significance.

On March 23, 2021, Plaintiff filed a lawsuit in state court seeking relief under the FLSA for the unpaid overtime wages that he alleges he is owed.  On May 19, 2021, Defendant removed Plaintiff's complaint to federal court under 28 U.S.C. § 1441(a).  Following a brief period of discovery, Defendant moved for summary judgment arguing that Plaintiff was not entitled to overtime compensation because his job duties fell within the FLSA's administrative and highly compensated employee exemptions.  Plaintiff opposed Defendant's motion.

On August 15, 2021, the Court denied Defendant's summary judgment motion finding there to be genuine issues of material fact as to the second and third elements of the administrative exemption and the second element of the highly compensated employee exemption.

The Court subsequently referred the matter to Magistrate Judge Donna Ryu for a settlement conference.  Judge Ryu held a settlement conference on November 7, 2022, during which the parties reached a settlement agreement, conditioned upon this Court's approval.

### III.     DISCUSSION

The FLSA requires employers engaged in interstate commerce to pay their employees for any work performed beyond a forty-hour workweek at a rate of one and a half times their regular rate of compensation.  29 U.S.C. § 207(a)(1).  Employees cannot waive their claims under the FLSA; such claims may only be settled under the Supervision of the Secretary of Labor or a district court.  *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n. 8 (1947) (disallowing private settlements of FLSA claims but distinguishing such settlements from stipulated judgments because the later has the inherent protection of judicial scrutiny); *Seminiano v. Xyris Enter., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."); *Yue Zhou v. Wang's Rest.*, No. C 05-0279 PVT, 2007 WL 172308, at *1 (N.D. Cal. Jul. 17, 2007) ("An employee's claims under the FLSA

are not waivable, and thus may not be settled without supervision of the Secretary of Labor or a district court.")

In the context of a lawsuit brought by an employee to recover back wages for FLSA violations, the proper procedure for obtaining court approval of a settlement agreement is to present to the district court a proposed settlement, and, after determining that the agreement is fair and reasonable resolution of a bona fide dispute over FLSA provisions, the district court will permit the parties to file a stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require approval of the district court or the DOL [Department of Labor] to take effect."); *Lynn's Food Stores v. United States*, 679  F.2d 1350, 1353, 1355 (11th Cir. 1982); *Yue Zhong*, 2007 WL 172308, at *1-2.  Ultimately, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn Foods, Inc.*, 679 F.2d at 1354.

Here, as noted by this Court's findings in its order denying Defendant's motion for summary judgment, there is a genuine issue of material fact as to whether Plaintiff is exempt from section 207 of the FLSA.  The briefing provided by the parties within the context of Defendant's summary judgment motion shows that there are multiple legal and factual issues to evaluate in this case, including whether: (1) Plaintiff's job duties as the RDMHS fell within the FLSA's administrative and/or highly compensated employee exemptions; (2) Defendant acted in good faith in classifying Plaintiff's position as FLSA exempt; and (3) the amount of overtime hours that Plaintiff worked.

The Court finds that the proposed agreement—which represents approximately seventy one percent of the overtime pay Plaintiff claims that he is due and seventy four percent of the attorney's fees and costs that Plaintiff claims would be recoverable as of the date of the

1  settlement conference were this matter to proceed to trial—reflects a reasonable compromise
2  with respect to these difficult issues.

3      Accordingly, the Court finds that the settlement agreement reflects a fair and reasonable
4  compromise of this FLSA dispute, and that it is in the interests of justice, and in furtherance of
5  the policy of promoting settlement of litigation, to approve the parties' proposed settlement
6  agreement and permit the parties to file a stipulated dismissal with prejudice.

7                          **IV.   CONCLUSION**

8      For the foregoing reasons, the parties' joint motion for approval of the proposed
9  settlement agreement is **GRANTED**.  The parties will be permitted to file a voluntary dismissal
10 with prejudice fully resolving this action following Plaintiff's receipt of the settlement payment.

13 Dated:   December 9, 2022          By: _____
14                                      ALEX G. TSE
15                                      United States Magistrate Judge